UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY M. H.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C22-5993-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated PA-C Angela Minor's consultative examining opinion, and the Court should remand the matter for further proceedings. Dkt. 16. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings under sentence four of 42 U.S.C § 405(g).

**DISCUSSION**

In May 2021, PA-C Minor examined Plaintiff. The ALJ noted PA-C Minor indicated Plaintiff experienced worsening lower back pain that radiated to her right hip; had worsening knee pain with a buckling sensation and neuropathy with daily flair-ups; a locking sensation in the right thumb; that walking, standing, sitting, bending and lifting 10 to 15 pounds aggravated Plaintiff's pain; that she took numerous medications; and was able to manage self-care, and shop.

ORDER REVERSING THE COMMISSIONER'S FINAL - 1

1  Tr. 24. The ALJ further noted PA-C Minor found Plaintiff has 20/25 vision; ambulated with a
2  normal gait and without an assistive device; could perform a full squat, was able to rise from a
3  chair and climb on and off the examination table; had tenderness of the spine with decreased
4  motion, decreased range of motion of the knee and hips and diminished sensation and reflexes on
5  the lower extremities; had mild loss of grip strength; had an abnormal straight leg test on the
6  right side and intact fine and gross motor skills, with the exception of the right thumb.. Tr. 24-25.

7  PA-C Minor opined Plaintiff can lift 15 pounds occasionally and five pounds frequently;
8  can sit for 30 minutes at a time for four hours total; can stand or walk for 15 minutes at a time for
9  a total of two hours; had fair to poor pulling and pushing ability; and poor (i.e. a "serious
10 limitation") ability to squat, kneel, and climb. Overall, PA-C Minor opined Plaintiff had "serious
11 limitations" as to standing, walking, squatting, kneeling; and slight to serious limitations in her
12 ability to balance, sit and lift, push, and pull. Tr. 523-524.

13 The applicable regulations require the ALJ to articulate the persuasiveness of each
14 medical opinion, specifically with respect to whether the opinions are supported and consistent
15 with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings
16 must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir.
17 2022).

18 The ALJ found PA-C Minor's opinion "not persuasive" on the grounds the opinion "is
19 inconsistent with the overall medical evidence of record, including her own physical examination
20 findings." Tr. 28. Plaintiff argues the ALJ erred by failing to give "specific evidence" and failing
21 to "show what specific limitations were undermined" by the record. Dkt. 16 at 8, 10.

22 The ALJ's decision shows the ALJ made specific findings. First, the ALJ indicated PA-C
23 Minor's opinion about Plaintiff's difficulties with driving due to vision problems was

DECISION - 2

inconsistent with the PA-C's examination finding Plaintiff has nearly perfect vision. Tr. 28. PA-C Minor, however, did not opine Plaintiff could not drive due to poor vision. The PA-C simply noted what Plaintiff reported in stating "daughter drives; vision prevents her from driving." Tr. 618.

      Second, the ALJ found PA-C Minor's opinion Plaintiff has "difficulties with standing/walking is inconsistent with the claimant ambulating with normal gait without an assistive device during examination." Tr. 28. This is an unreasonable finding. PA-C Minor assessed Plaintiff with the ability to stand and walk for two hours a day with "likely" ability to stand and walk for about 15 minutes at a time. Tr. 524. There is nothing inherently inconsistent with a normal gait observed for a few minutes within the confines of an examining room and PA-C Minor's opinion. That is, normal gait is not a measure of the length of time one can walk and stand. Additionally, PA-C Minor did not opine Plaintiff's standing and walking limitations were caused by abnormal gait. Rather the PA-C opined these limitations were caused by her "lumbar radiculopathy, bilateral knee osteoarthritis." Tr. 524.

      Third, the ALJ discounted PA-C Minor's opinion as inconsistent with "benign imaging studies." Tr. 28. Substantial evidence does not support this finding. The record shows X-rays revealed plaintiff has "minor degenerative changes to the lumbar spine, Tr. 22, and that based upon this examination finding, in 2020, PA-C Bruce Wing diagnosed "lumbar degenerative disc disease and acute right-sided low back pain with sciatica." *Id.* In April 2020, David Caulfied, A.R.N. P. saw Plaintiff for persistent low back pain with radiating symptoms down her thigh. *Id.* In May 2020, Plaintiff was seen at Providence Medical Care for progressive worsening knee pain with buckling. Tr. 23. In January 2021, Plaintiff was seen at Providence Medical Group with complaints of worsening right hip pain. In May 2021, X-rays of Plaintiff's right hip showed

DECISION - 3

"increased sclerosis adjacent to the right sacroiliac joint." Tr. 24. The medical record thus tends to be more consistent with PA-C Minor's opinion, rather than inconsistent as the ALJ found.

Fourth, the ALJ found PA-C Minor's opinion is inconsistent with "effective management when compliant with medications." Tr. 28. The record shows medications helped Plaintiff's diabetes, hyperthyroidism, hypertension, *see* Tr. 25, but there is little to show medications improved Plaintiff's lumbar radiculopathy, and bilateral knee osteoarthritis which are the conditions PA-C Minor opined caused serious limitations as to Plaintiff's ability to stand, walk, squat, kneel, and slight to serious limitations in her ability to balance, sit and lift, push and pull..

Fifth, the ALJ found PA-C Minor's opinion is inconsistent with Plaintiff's unremarkable physical examination findings during treatment visits that showed normal gait and mostly full neurological functioning of the extremities. As discussed above, observations of normal gait over a few minutes are not determinative of how long a person can stand or walk. Additionally, normal neurological functioning of Plaintiff's extremities are not findings that address PA-C Minor's opinion that lumbar radiculopathy, and bilateral knee osteoarthritis are the cause of Plaintiff's standing and walking limitations.

And sixth, the ALJ found PA-C Minor's opinion inconsistent with Plaintiff's activities which the ALJ found showed Plaintiff has minimal functional limitations. In specific, the ALJ found Plaintiff can manage self-care, cook, perform light household chores, shop independently, engage in light exercise, and socialize with others. None of these activities show Plaintiff has greater standing and walking abilities than PA-C Minor assessed. Substantial evidence thus does not support this finding.

DECISION - 4

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ, shall reevaluate the opinion of PA-C Minor, develop the record and redetermine residual functional capacity as needed, and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 28th day of September, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

DECISION - 5